UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER W. MYERS,<br>　　　　Plaintiff,<br>　　v.<br>S. POSSON, et al.,<br>　　　　Defendants. | Case No. 23-cv-01682-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

## INTRODUCTION

Plaintiff Christopher W. Myers alleges prison officials at CTF-Soledad violated his Eighth Amendment rights by placing him in COVID quarantine. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Myers's allegations fail to state an Eighth Amendment claim. According to the undisputed facts of the complaint, he was placed in quarantine the day after having tested positive for COVID. Though he tested negative on the first day he was in quarantine, his retention in quarantine for some days thereafter was a reasonable medical response, not deliberate indifference. Furthermore, Myers lists two defendants, but fails to allege specific facts showing that these persons were responsible for placing or retaining him in quarantine, or that they were responsible for the conditions of the quarantine area. Accordingly, the complaint is DISMISSED with leave to file an amended complaint on or before **October 23, 2023**. Failure to file a proper amended complaint by October 23, 2023 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Myers alleges that on March 6, 2022 at CTF-Soledad he was placed in COVID quarantine even though he was "negative that day." (Compl., Dkt. No. 1 at 3.) He alleges that the quarantine area was not meant to house people, there was no circulation, and his placement there endangered his health and increased his chances of contracting COVID. (*Id.*) While such circumstances might state an Eighth Amendment claim for deliberate

2

indifference to serious medical needs, they become less persuasive in light of the fact that Myers tested positive for COVID the day before, on March 5, 2022, according to a grievance response appended to the complaint. (Compl., Grievance Response, Dkt. No. 1 at 9.) This same document states that Myers, after having tested positive for COVID on March 5, was moved to quarantine on March 6. (*Id.*) On March 17, he was released from quarantine and moved back to his prior housing unit. (*Id.*)

From these undisputed facts, it appears Myers was placed in quarantine after having tested positive for COVID. This is not deliberate indifference but a proper and reasonable response. That he tested negative the day he was placed in quarantine does not undercut this. Sometimes one can be contagious or at risk of relapse for many days after testing negative. Keeping Myers in quarantine was a reasonable response to these risks. On this record, Myers's allegations do not show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Also, Myers names two defendants, but he fails to allege any facts showing that these persons were responsible for placing or retaining him in quarantine or controlled the actual circumstances of the quarantine area. Pleading standards require a plaintiff to allege specific facts linking a person to the alleged wrong. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. *Id.* Pleading standards "demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Twombly*, 550 U.S. at 555.

Further, Myers's claims against the "Chief [m]edical [s]taff" S. Posson are deficient for the additional reason that merely being a supervisor is not sufficient to create liability. There is no respondeat superior liability under § 1983, *see Taylor v. List*, 880 F.2d 1040,

1045 (9th Cir. 1989), which means that a person is not automatically held responsible simply because he or she is a supervisor of an employee who commits a wrong. It is not enough that the supervisor has a supervisory relationship over the defendants; the plaintiff must show that the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.* (emphasis added). Indeed, supervisor defendants are entitled to qualified immunity where the allegations against them are simply "bald" or "conclusory" because such allegations do not "plausibly" establish the supervisors' personal involvement in their subordinates' constitutional wrong. *Iqbal*, 129 U.S. at 675-82.

Because Myers has not stated a claim for relief, his complaint will be dismissed. While it is unclear that he can plausibly state a claim, given the current pleading, I will give him that opportunity and allow leave to amend.

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **October 23, 2023.** The amended complaint must include the caption and civil case number used in this order (23-01682 WHO (PR)) and the words FIRST AMENDED COMPLAINT must be written on the first page. <u>The amended complaint must also appear on this Court's form, a copy of which will be sent to him.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaint by reference. <u>Failure to file a proper amended complaint by October 23, 2023 may result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.</u>

**IT IS SO ORDERED.**

Dated: September 8, 2023



WILLIAM H. ORRICK
United States District Judge

4